Eduardo J. Glas, Esquire (# EG7027)
McCARTER & ENGLISH, LLP
245 Park Avenue
27th Floor
New York, New York  10167
(212) 609-6800 - Telephone
(212) 609-6921 - Facsimile
Attorneys for Automodular Corporation f/k/a
Automodular Assemblies Inc., Tec-Mar Distribution Services, Inc.,
and Automodular Assemblies (Ohio) Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re:<br><br>DELPHI CORPORATION<br>INC., et al.<br><br>           Debtors. | Chapter 11<br><br>Case Nos. 05-44481 (RDD)<br>(Jointly Administered) |

### DESIGNATION OF RECORD AND STATEMENT OF ISSUES ON APPEAL

Automodular Corporation f/k/a Automodular Assemblies Inc., Tec-Mar Distribution Services, Inc., and Automodular Assemblies (Ohio) Inc. (collectively "Automodular"), by the undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 8006, hereby designates the following items to be included in the record on appeal and states the issues as follows:

**A.     Statement of Issues on Appeal.**

(1)     Whether the Bankruptcy Court erred in its interpretation of the contracts?

(2)     Whether the Bankruptcy Court erred in finding that the contracts were clear and unambiguous?

(3)     Whether the Bankruptcy Court erred by disregarding any and all extrinsic evidence and/or parole evidence in the interpretation of the parties' intent under the contracts?

(4)     Whether the Bankruptcy Court erred in finding that the only changes that occurred under the contracts was a change in the volume of the debtors' requirements?

(5)     Whether the Bankruptcy Court erred by failing to hold that a change in the line rate speed, number of shifts or de-rating was a change in scope under Section 3.0 of the General Terms and Conditions, when no contradictory evidence was presented on the record?

(6)     Whether the Bankruptcy Court erred in holding that Section 2.5 of the General Terms and Conditions supported the interpretation that changes in the line rate speed, number of shifts or de-rating was not a change in scope under Section 3.0 of the General Terms and Conditions?

(7)     Whether the Bankruptcy Court erred in holding that Section 2.7 of the General Terms and Conditions supported the interpretation that changes in the line rate speed, number of shifts or de-rating was not a change in scope under Section 3.0 of the General Terms and Conditions?

(8)     Whether the Bankruptcy Court erred in its interpretation and application to the claims and facts presented, of Section 3.0 of the Ontario Contract which provides that no price increase will be made on account of an increase in Automodular's labor, materials, overhead and other costs?

(9)     Whether the Bankruptcy Court erred in holding that Section 3.0 of the General Terms and Conditions, and specifically the section referring to "changes to specifications or design of the goods or to the scope of any services or work covered by the contract, including work related to inspection, testing or quality control" addresses only services as well as other costs incurred by Automodular in dealing with changes to the nature of the goods bargained for as opposed to the amount of those goods or buyer's delivery schedules?

ME1 7177848v.1

(10)    Whether the Bankruptcy Court erred in holding that the claim for $322,000 was a result of the Debtors' reduction of requirements which it bargained for?

(11)    Whether the Bankruptcy Court erred in refusing to admit the GM Scope Change Notices for the truth of the matter asserted?

(12)    Whether the Bankruptcy Court erred in admitting the Conley Declaration in its entirety when read in conjunction with his deposition testimony which denied any personal knowledge of certain issues discussed in the Declaration?

B.    **Designation of Items to be Included in the Record on Appeal**

(1)    Motion Of Automodular Assemblies Inc., Tec-Mar Distribution Services, Inc., And Automodular Assemblies (Ohio) Inc. To Compel Assumption Or Rejection Of Executory Contracts And Allow And Direct Payment Of Administrative Expense Claim (Docket No. 11180) (Exhibit 1)[1];

(2)    Supplement In Support Of Motion Of Automodular Assemblies Inc., Tec-Mar Distribution Services, Inc., And Automodular Assemblies (Ohio) Inc. To Compel Assumption Or Rejection Of Executory Contracts And Allow And Direct Payment Of Administrative Expense Claim (Docket No. 12453) (Exhibit 3);

(3)    Reply Brief In Support Of Motion Of Automodular Assemblies Inc., Tec-Mar Distribution Services, Inc., And Automodular Assemblies (Ohio) Inc. To Compel Assumption Or Rejection Of Executory Contracts And Allow And Direct Payment Of Administrative Expense Claim (Docket No. 12774) (Exhibit 4(a));

---

[1] The references to Exhibits are from the Joint Exhibit Index for the February 21, 2008 Hearing.

(4)  Debtors' Objection To Motion Of Automodular Assemblies Inc., Tec-Mar Distribution Services, Inc., And Automodular Assemblies (Ohio) Inc. To Compel Assumption Or Rejection Of Executory Contracts And Allow And Direct Payment Of Administrative Expense Claim (Docket No. 11447) (Exhibit 2);

(5)  Debtors' Objection To Supplemental Motion Of Automodular Assemblies Inc., Tec-Mar Distribution Services, Inc., And Automodular Assemblies (Ohio) Inc. To Compel Assumption Or Rejection Of Executory Contracts And Allow And Direct Payment Of Administrative Expense Claim (Docket No. 12661) (Exhibit 4);

(6)  Declaration Of Michael Blair, dated February 15, 2008, including all exhibits thereto[2] (Exhibit 5(a)-(x));

(7)  Declaration of Christopher Dell, dated February 15, 2008, including all exhibits thereto (Exhibit 7(a)-(t));

(8)  Transcript of deposition of Greg Conley with exhibits, dated February 18, 2008 (Exhibit 35 (1)-16));

(9)  Transcript of deposition of Michael Bauman with exhibits, dated February 18, 2008 (Exhibit 36);

(10) Transcript of deposition of Michael Blair with exhibits, dated February 13, 2008 (Exhibit 34);

(11) AUTO 408-411 - November 10, 2003 letter from Automodular (Exhibit 41);

(12) DPH 80-81 - November 10, 2003 email from Automodular (Exhibit 21) ;

(13) AUTO 100-114 - Request for Quote dated May 2003 (Exhibit 42);

(14) DPH 91 - Email from Automodular to Delphi dated October 16, 2003 (Exhibit 43);

(15)   AUTO 115-127 - October 12, 2005 Delphi Workshop Objectives (Exhibit 44);

(16)   DPH 350-351 - October 16, 2003 Email (Exhibit 45);

(17)   AUTO 390-392 - November 11, 2004 Letter (Exhibit 46);

(18)   AUTO 387-389 - December 3, 2004 Letter (Exhibit 47);

(19)   AUTO 168-171 - June 1, 2007 Email and Purchase Orders (Exhibit 48);

(20)   AUTO 499-500 - October 18, 2006 Email (Exhibit 50);

(21)   DPH 331 - Document dated March 3, 1999 (Exhibit 58);

(22)   DPH 311-314 - Internal Delphi cost savings analysis of August 1, 2002 (Exhibit 59);

(23)   AUTO 551-558 - August 21, 000 letter (Exhibit 60);

(24)   AUTO 593-640 - Letters dated February 23, 2000/August 2, 2000 (Exhibit 16);

(25)   DPH 321 - Delphi document dated September 21, 2000 (Exhibit 62);

(26)   AUTO 510-512 - October 2, 2000 Letter (Exhibit 63);

(27)   DPH 102 -- Automodular letter dated August 16, 2006 (Exhibit 64);

(28)   DPH 6 - 7 - May 22, 2007 letter from Automodular (Exhibit 65);

(29)   DPH 235-236 - Letter dated July 16, 2007 (Exhibit 66);

(30)   AUTO 253-255 - August 10, 2007 letter to Delphi (Exhibit 67);

(31)   DPH - 228-230 - Delphi memo of December 3, 2007 and Request for Purchase Documents (Exhibit 68);

(32)   DPH 405-406 - Letter from Automodular to Delphi dated January 3, 2008 (Exhibit 9(g));

(33)   AUTO 650-656 - Letter dated October 1, 2005 from Automodular (Exhibit 70);

(34)   AUTO 253-255 - Email dated August 13, 2007 (Exhibit 71);

(35)   AUTO 349-350 - August 16, 2006 letter (Exhibit 72);

---

[2] Due to the confidential nature of the Declarations they were not filed with the Court but submitted to the Court

(36)   Transcript from the hearing on the Motion held on February 21, 2008 before the United States Bankruptcy Court for the Southern District of New York;

(37)   Order Denying the Motion Of Automodular Assemblies Inc., Tec-Mar Distribution Services, Inc., And Automodular Assemblies (Ohio) Inc. To Compel Assumption Or Rejection Of Executory Contracts And Allow And Direct Payment Of Administrative Expense Claim (Docket No. 12932);

(38)   Notice of Appeal (Docket No. 13099)

/s/ Eduardo J. Glas
Eduardo J. Glas, Esquire (# EG7027)
McCARTER & ENGLISH, LLP
245 Park Avenue
27th Floor
New York, New York  10167
(212) 609-6800 - Telephone
(212) 609-6921 - Facsimile

and

Katharine L. Mayer, Esquire
McCarter & English, LLP
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19899
(302) 984-6300

Attorneys for Automodular Corporation f/k/a Automodular Assemblies Inc., Tec-Mar Distribution Services, Inc., and Automodular Assemblies (Ohio) Inc.

DATED: March 24, 2008

---

with all other exhibits and materials.

**Page 6**

ME1 7177848v.1